**In re Nancy S. WALLINGFORD, Respondent.**

**No. 71986.**

Supreme Court of Missouri, En Banc.

Nov. 20, 1990.

Charles W. Gotschall, Kansas City, for informant.

F. Russell Millin, Kansas City, for respondent.

BLACKMAR, Chief Justice.

The respondent is an experienced attorney. She represented a man in a dissolution and custody action in the Circuit Court of Jackson County, in which the mother was awarded custody of the couple's son. The father moved to Georgia and the mother took the boy to California without the permission of the circuit court. The father then sought to clarify his rights of visitation and custody by proceedings in Jackson County, and the mother sought registration of the Missouri judgment in California. It is not necessary to discuss the details of those proceedings further.

The circuit bar committee complains that the respondent prepared and filed in the California court two affidavits purportedly signed by the father and notarized by her, but that the father's signature was actually subscribed by her. The respondent admits that she signed the client's name and then undertook to notarize the signature. She explained that she had spoken to her client over the telephone and that he had authorized her to sign his name to the documents.

Complaint is also made that the respondent signed a false certificate of service, reporting that the mother had been served by a California sheriff with certain papers in the Missouri proceedings.

The respondent points to the father's authorization for her to sign his name. She also points out that neither the affidavits nor the certificate of service were used to the mother's disadvantage. The master agreed that this was so but nevertheless found violation of Rule 3.3(a)(1) of the Rules of Professional Conduct, as set out in our Rule 4. This rule reads as follows:

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

\*　　\*　　\*　　\*　　\*　　\*

Respondent also sought an order of impoundment of child support, and advised her client to pay child support monies to the Court Administrator of Jackson County, as a means of forcing the mother to enter an appearance in the Missouri action. When the mother made her demand for child support known to the respondent, respondent suggested that she could obtain information about the child support payments by entering the Missouri litigation. The master found that this conduct violated Rule 4.4 of the Rules of Professional Conduct by depriving the child of support monies. The rule reads as follows:

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

As to this latter finding of a Rule 4.4 violation, we perceive no basis for discipline. The mother's action in taking the child to California without leave of court is subject to challenge. There is evidence that the mother made herself hard to find in California, and may have tried to avoid service of process. There is no evidence that she lacked the means to support the child. In confrontations of the kind shown by this record, in which her client was faced with a difficult course of litigation at long distance, and in which the mother had ostensibly violated Missouri law by removing the child, some pressure tactics are not necessarily inappropriate. We are not persuaded that the respondent went beyond the bounds of vigorous representation in this respect, or that her efforts had no "substantial purpose other than to ... burden" the child.

■ The Rule 3.3(a)(1) violations, however, are well supported by the record. An attorney who is a notary public should not take an affidavit or an acknowledgment unless the maker signs personally and in her presence. An attorney should not execute a certificate of service unless the facts stated are known to the attorney to be true. Any departure from these precepts diminishes the stature and credibility of the entire legal profession. The wrong is not expunged simply because no harm resulted. Notarized documents may be received in evidence without further authentication, and a lawyer's certification of service is regularly accepted. Nor does it make any difference that the mother perceived the fact that her husband did not sign the documents, and turned the respondent in.

■ The master reviewed the record and the respondent's professional standing,[1] and recommended that a reprimand be administered. We agree with this recommendation. The respondent is reprimanded ac-

cordingly and is ordered to pay the costs of this proceeding.

All concur.

---

1. Respondent's able counsel, at oral argument, tendered statements of numerous lawyers who attested to the respondent's good reputation in the profession. These should have been presented to the master, *In re: William Y. Frick,* 694 S.W.2d 473 (Mo. banc 1985) and the objection to the offer is sustained. It appears, however, that the master found facts essentially consistent with the tender, as to the respondent's professional standing.